The Honorable Tommy E. Mitchum State Representative P.O. Box 2082 Batesville, AR 72501
Dear Representative Mitchum:
This is in response to your request for an opinion on two questions involving the leasing of a school district bus. Specifically, you note that the Batesville American Legion Program, (a nonprofit organization), wishes to lease a bus from the Batesville School District for the purpose of transporting Batesville American Legion baseball players to their away games. You also indicate that the consideration for the lease will consist of the lessee providing the maintenance and insurance on the bus. Finally, you note that a number of Batesville High School baseball players will play on the American Legion team.
Your first question relative to these facts is as follows:
 (1) Can the Batesville School District legally lease one of its buses to the Batesville American Legion Program for the purpose outlined above?
It is my opinion that no provision of law prohibits the leasing of a school district bus to a nonprofit entity. Such authority is likely conferred on the school district board of directors in A.C.A.6-13-620(12) (Supp. 1989). This office has previously cited this section for the proposition that school district property may be leased. See Unofficial Opinion No. 86-479. It is advisable, however, to check with the State Board of Education, which, in conjunction with the Highway Commission, has the authority to adopt rules and regulations governing the operation of school buses in the state. A.C.A. 6-19-111. Assuming they have adopted no prohibitory rule on the topic, the school district, in my opinion, is not prohibited from leasing the school bus.
Your second question is as follows:
 (2) If the school district can legally lease the bus, and if the American Legion Program provides the driver and the insurance as set out above, does the Batesville School District have any liability for damages caused by the negligent operation of the bus by the lessee?
The answer to this question, as it is drafted, in my opinion, is a qualified "no". Firstly, as a general rule, school districts are immune from liability for damages. A.C.A. 21-9-301. Secondly, the school district would, in my opinion, not be liable for the negligent acts of the lessee absent an agency relationship, or some form of joint venture between the lessor and lessee. The mere fact of the lease should not impose vicarious liability on the school district for the acts of the lessee. The extent of the relationship between the two entities, however, is a factual question.
There are some other problems, however, with the proposal. It should be noted in this regard that school districts are required by statute to maintain liability insurance on all of their motor vehicles. A.C.A. 21-9-303. There is no provision of this statute which exempts school district motor vehicles which have been leased by the school district. Thus, the statute requires the school district to maintain its own insurance on the leased bus. But there is another, more practical reason for the school district to do so. If the school district itself is uninsured, it will be liable as a self-insurer for any negligence on its part. An example is helpful. In the event the school district allows the lessee to provide insurance on the bus, and does not maintain its own insurance, and thereafter an accident occurs which is a result of a defect in the bus, (a defect which existed prior to the lease, and which the school district could and should have repaired), the school district may be liable for its own negligence, and without insurance the school district will be liable as a self-insurer for the damages. Sturdivant v. Farmington, 255 Ark. 415, 500 S.W.2d 769 (1973).
We are aware that the possibility of this factual scenario actually occurring may be remote, but believe it gives added incentive to the school district to comply with the law and maintain its own insurance on the bus. Other provisions of the lease may be negotiated around this requirement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb